IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3018-FL

| | | |
|---|---|---|
| GEORGE ALBERT HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KAREN STEINOUR AND LINDA LASSITER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The matter comes before the court on the motion to dismiss (DE # 23) pursuant to Federal

Rule of Civil Procedure 12(b)(6) filed by defendants Karen Steinour ("Steinour") and Linda Lassiter

("Lassiter"), to which plaintiff responded. Plaintiff also filed a motion for default judgment

(DE # 20), which this court construes as a motion for entry of default. Defendants did not respond

to plaintiff's motion. In this posture, the issues raised are ripe for adjudication. For the following

reasons, the court grants defendants' motion and denies plaintiff's motion.

## STATEMENT OF THE CASE

On January 31, 2011, plaintiff, then a civil detainee, confined at the Federal Correctional

Complex in Butner, North Carolina ("Butner") awaiting a hearing on the government's petition for

his commitment pursuant to 18 U.S.C. § 4248,[1] filed this action pursuant to Bivens v. Six Unknown

Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff challenges an

---

[1] On April 22, 2011, the court dismissed the § 4248 proceedings pursuant to a stipulation of dismissal filed on behalf
of both parties. United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C. Apr. 22, 2011).

April 7, 2008, disciplinary charge and alleges defendants violated his rights pursuant to the Due Process and the Equal Protection Clauses of the Fifth Amendment to the United States Constitution. Plaintiff subsequently moved for entry of default.

On October 17, 2011, defendants filed a motion for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. The matter was fully briefed.

## STATEMENT OF FACTS

The facts seen in the light most favorable to plaintiff are as follows. On April 7, 2008, Bureau of Prisons ("BOP") staff administratively charged plaintiff with fighting with another § 4248 detainee Steve Wiseman.[2] Both detainees denied the charge.

On May 14, 2008, Lassiter, a counselor, conducted a disciplinary hearing on the charge. Plaintiff was found guilty of the charge and was sanctioned to placement in segregation and the loss of commissary, television, and radio privileges for six months. Plaintiff alleges Lassiter violated his due process rights by failing to conduct his disciplinary hearing in accordance with BOP policy. Plaintiff cites the following three BOP policy violations: (1) failing to refer the matter to a qualified disciplinary hearing officer ("DHO") for hearing; (2) allowing an officer to serve as both the Unit Disciplinary Committee and the DHO; and (3) imposing excessive sanctions. Compl. pp. 3-4.

## DISCUSSION

A.     Motion for Entry of Default

Plaintiff filed a motion for entry of default against defendants. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." F.R.Civ.P. 55.

---

[2] At the time plaintiff filed this action, Steve Wiseman also was a civil detainee awaiting a hearing on the government's petition for their commitment pursuant to 18 U.S.C. § 4248. See United States v. Wiseman, No. 5:07-HC-2103-D (E.D.N.C.).

Defendants' response to the complaint was due by October 23, 2011. The court subsequently allowed defendants an extension of time until November 21, 2011, to respond to plaintiff's complaint. Defendants filed their motion to dismiss on November 15, 2011. Because defendants responded to plaintiff's complaint by the November 21, 2011, deadline, plaintiff's motion for entry of default is DENIED.

B.     Motion to Dismiss

    1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2.    Analysis

a.    Due Process

Plaintiff asserts that his disciplinary conviction for fighting occurred in violation of the Due Process Clause. To prevail on a due process claim, an inmate first must demonstrate that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court has set forth the minimal procedural protections that must be provided to an inmate in disciplinary proceedings in which the inmate loses good time, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest. Id. at 556-72. The due process procedures required by Wolff are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). This due process analysis applies to civil detainees. See Miller v. Dobier, 634 F.3d 412, 415 (7th Cir. 2011) (citations omitted) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause, . . . regardless of whether the confinement is criminal or civil."); Brooks v. James, No. 2:10-2010-MJP-BHH, 2011 WL 1630903, at *6 (D.S.C. Apr. 7, 2011).

Here, plaintiff was sanctioned with placement in segregation and loss of commissary, television, and radio privileges. The loss of commissary, television, and radio privileges does not impose an atypical and significant hardship or otherwise implicate a constitutionally protected liberty interest. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Miller, 634 F.3d at 414-15; Levi v. Thomas, 429 F. App'x 611, 613 (7th Cir. July 20, 2011) ("[W]e conclude that the black box restraint as applied to [plaintiff] –imposed only on detainees who were found to have committed major rule violations and when transported off-site–does not pose an atypical or significant hardship;

rather it constitutes an additional restriction [] . . . too limited to amount to a deprivation of constitutional liberty." (citation and quotation omitted)); Pierre v. Ozmint, No. 3:09-226-CMC-JRM, 2010 WL 679946, at *7 (D.S.C. Feb. 24, 2010) (stating that canteen access is not a protected liberty interest), aff'd, 410 F. App'x 595 (4th Cir. Feb. 7, 2011); Conn v. Stolle, No. 1:11cv758, 2011 WL 3321136, at *3 (E.D. Va. July 29, 2011) (finding that the loss of television privileges does not amount to an atypical and significant hardship), aff'd, 460 F. App'x 276 (4th Cir. 2012); Stephens v. Huggins, No. 1:11cv57, 2011 WL 6010297, at *4 (M.D.N.C. Dec. 1, 2011) (finding no liberty interest in the temporary loss of radio privileges).

As for plaintiff's placement in segregation, the due process clause only is implicated where the conditions were atypical, and plaintiff does not allege such conditions. See Reeder v. Stauton Sheriff, No. 7:11cv00299, 2011 WL 2605047, *3 (W.D. Va. June 30, 2011), aff'd, 463 F. App'x 187 (4th Cir. Feb. 2, 2012); Miller, 634 F.3d at 415; Greenfield v. Corzine, No. 09-cv-4983 (DMC-JAD), 2012 WL 1134917, *14 (D.N.J. Apr. 4, 2012), but see, Racy v. Lewis, No. 5:11-cv-00155-DPM-JTK, 2011 WL 5433956, at *4-5 (E.D. Ark. Oct.26, 2011) (finding that pretrial detainee stated a due process claim where detainee was placed in punitive isolation without visitation and commissary privileges and did not receive a written statement of the reasons for the action). Because plaintiff did not lose good-time credit or suffer any restriction which imposed an atypical and significant hardship, he has failed to state a due process claim. Thus, defendants' motion to dismiss this claim is GRANTED.

        b.     Equal Protection

To state a Fifth Amendment equal protection claim, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d

648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quotation omitted).

In this case, plaintiff alleges that Lassiter allowed fellow detainee Wiseman a one time exemption from the suspension of his commissary privileges to purchase a new pair of headphones. Upon learning of this, plaintiff asked Lassiter if he could have the same exemption to purchase a radio and headphones, but Lassiter said "no! I don't like you!" Compl. p. 4. These allegations fail to assert sufficient discriminatory intent. Additionally, a detainee's allegation that another detainee received better treatment is not enough to establish an equal protection violation. See Aguilar v. Kingston, No. 05C1269, 2006 WL 3544636, at *3 (E.D. Wis. Dec. 8, 2006), aff'd, 224 F. App'x 526 7th Cir. May 11, 2007). Nor does a detainee's allegation that another inmate received a lesser sanction for the same disciplinary infraction amount to evidence of discriminatory treatment. See Gilliam v. Holt, 188 F. App'x 79, at *2 (3rd Cir. July 25, 2006). Based upon the foregoing, the court finds that plaintiff failed to state a claim pursuant to the Equal Protection Clause.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default (DE # 20) is DENIED. Defendants' motion to dismiss (DE # 23) is GRANTED, and plaintiff's claims are DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21ᵗʰ day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge